IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SANDRA SOLIS, individually and on
behalf of all others similarly situated,

    Plaintiff,

v.                                                   Case No. 2:22-cv-00878-MLG-GBW

WEXFORD HEALTH SOURCES, INC.,

    Defendant.

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTIONS TO DISMISS

This matter comes before the Court on Defendant Wexford Health Sources, Inc.'s ("Wexford") Motion to Dismiss Plaintiff's Collective Action Claims (the "Original MTD"), Doc. 4, filed December 14, 2022, and Wexford's First Amended Motion to Dismiss Plaintiff's Class Action Claims (the "Amended MTD"), Doc. 9, filed December 21, 2022. Having reviewed the parties' submissions along with the transcript of the motion hearing before the Honorable James O. Browning, the Court finds that the motions are not well-taken. Both motions are therefore denied.

### BACKGROUND

Wexford provides healthcare to correctional facilities and employs individuals who are not exempt from overtime under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. Doc. 1 at 4. In December of 2021, Wexford's timekeeping software was subject to a ransomware attack and suffered a disruption in service, and "[f]or at least a portion of time following" the outage, Wexford failed to track the hours, including overtime, that its employees worked. *Id.*

1

On November 17, 2022, Plaintiff Sandra Solis, a Wexford employee, filed the present suit against Wexford based on its failure to track and pay employees in the aftermath of the service disruption. *Id.* at 1. Specifically, Solis claims that: 1) she, as an individual, is entitled to overtime compensation under the FLSA; 2) she and the "New Mexico Class"[1] of similarly situated workers are entitled to overtime wages under the New Mexico Minimum Wage Act ("NMMWA"), NMSA 1978, § 50-4-19 *et seq.* (2021), "in an amount equal to 1.5 times their rates of pay, plus treble damages, attorney's fees, and costs"; and 3) she and the New Mexico Class are entitled to recover for Wexford's unjust enrichment under New Mexico law. *Id.* at 10-13.

On December 14, 2022, Wexford filed the Original MTD with an aim to dismiss Solis's FLSA collective action claims. Doc. 4. However, Solis did not bring any FLSA collective action claims; she brought an individual FLSA claim and a class action claim under the NMMWA and New Mexico common law. Solis responded to this effect. Doc. 6. Following Solis's response, Wexford filed the Amended MTD, specifically seeking to dismiss Solis's *class* action claims. Doc. 9. After the completion of briefing, the Honorable James O. Browning held a hearing on the motions and stated that he was inclined to deny them, but he did not formally rule on the motions before the case was transferred to the undersigned judge. Doc. 32-1 at 22-23.

---

[1] Solis defines the New Mexico Class as follows:

> All current or former non-exempt employees of Wexford, who worked in New Mexico at any time during payroll cycles affected by Wexford's Kronos service outage, beginning on or about December 11, 2021, until the time that Wexford regained full access to all Kronos products and services, and resumed normal employee timekeeping and payment operations.

*Id.* at 2 (emphasis in original).

2

## ANALYSIS

I.  **Procedural Posture**

As an initial matter, Solis takes issue with the procedural posture of Wexford's Amended MTD. Doc. 16 at 2-3. She argues that Wexford failed to seek leave of the Court before amending and that Federal Rule of Civil Procedure 12(g)(2) prohibits successive motions to dismiss. *Id.* Strictly speaking, this is true: Rule 12(g)(2) states that a party bringing a Rule 12 motion "must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion" with a few exceptions including Rule 12(c) motions. *See* Fed. R. Civ. P. 12(h)(2)(B). Wexford argues that it made only a non-substantive correction of addressing class action rather than collective action claims. Doc. 19 at 2. Rather than descending into the weeds of whether such a change is substantive or technical, the Court finds it more expedient to construe Wexford's Amended MTD as a Rule 12(c) motion for judgment on the pleadings. *See CNSP, Inc. v. City of Santa Fe*, Civ. No. 17-355, 2018 WL 813409, at *2 (D.N.M. Feb. 9, 2018); *Albers v. Bd. of Cnty. Comm'rs of Jefferson Cnty., Colo.*, 771 F.3d 697, 704 (10th Cir. 2014) (any error in district court's consideration of successive motion to dismiss was harmless because it could have considered motion under Rule 12(c)).[2] This approach is particularly appropriate given that the "motions are functionally equivalent to motions to dismiss and are reviewed under the same standards." *Estate of Stevens ex rel. Collins v. Bd. of Comm'rs of Cnty. of San Juan*, 53 F. Supp. 3d 1368, 1372 (D.N.M. 2014). Therefore, although stylized as a motion to dismiss and referred to in this Memorandum Opinion and Order as the "Amended MTD," the Court will construe Doc. 9 as a Rule 12(c) motion for judgment on the pleadings.

II.  **First-to-File Rule**

---

[2] Both parties agree that this is a possible course of action. *See* Doc. 16 at 3.

The Court moves next to the substance of the Amended MTD. Wexford argues that at the time Solis filed this suit, a similar FLSA collective action suit had already been filed in Pennsylvania "based on the same legal theories against the same Defendant, on behalf of the same group of former/current employees and seek[ing] the same remedies covering the same relevant time period." Doc. 9 at 8-9 (emphasis omitted).[3] Because the Pennsylvania action was filed first, Wexford argues that the first-to-file rule counsels this Court to decline jurisdiction. *Id.* at 10-11.

The first-to-file rule is a discretionary abstention doctrine used to address circumstances in which two federal cases overlap. *Wakaya Perfection, LLC v. Youngevity Int'l, Inc.*, 910 F.3d 1118, 1124 (10th Cir. 2018). "Under this rule, courts consider three factors: (1) the chronology of events, (2) the similarity of the parties involved, and (3) the similarity of the issues or claims at stake." *Id.* (internal quotation marks omitted). Here, the chronology of events favors dismissal because the Pennsylvania suit was filed first, and the parties are similar: Wexford employees seeking overtime pay based on the same security breach in Wexford's timekeeping software. However, the class applies only to New Mexico employees, while the Pennsylvania collective action is nationwide.

Where the Pennsylvania case and the present case differ is the similarity of the claims at stake. While the Pennsylvania case is a FLSA collective action, the New Mexico class action seeks recovery under the NMMWA and New Mexico common law. Case law out of this district differs in its approach to circumstances where, as here, similar factual issues will need to be resolved to rule on different legal claims. In *Meador v. QES Wireline LLC*, No. 2:17-cv-00586, 2018 WL 6164430 (D.N.M. June 26, 2018), a similar first-to-file dispute arose between a nationwide FLSA collective action and a statewide NMMWA class action claim for the same underlying conduct.

---

[3] The Pennsylvania action at issue is *Surles v. Wexford Health Sources, Inc.*, Case No. 2:22-cv-1376 (W.D. Penn. 2022). Per the Western District of Pennsylvania's docket, it was filed on September 26, 2022.

4

Judge Freudenthal found that because the same factual issues (hours worked and compensation provided) served as the foundation for both the FLSA and the NMMWA claims, the issues were "sufficiently similar" to trigger the first-to-file rule. *Id.* at *4. In contrast, *Jim v. CoreCivic of Tennessee, LLC*, No. CIV 20-0618, 2021 WL 4990084 (D.N.M. Oct. 27, 2021), involved substantially the same question of FLSA collective action and NMMWA class claims—alongside a New Mexico common law unjust enrichment claim—but resolved the first-to-file question differently. Judge Browning disagreed with Judge Freudenthal's reasoning in *Meador* and found that the first-to-file rule should not apply to cases under different statutes or bodies of law even if the underlying factual questions are similar. *Id.* at *23. Critically, Judge Browning was "not persuaded that two cases requiring the same factual findings is sufficient always to overcome a plaintiff's forum choice and choice of legal claims." *Id.*

The Court finds Judge Browning's approach more persuasive and truer to the Tenth Circuit's guidance to consider "the similarity of the issues *or claims* at stake." *Wakaya*, 910 F.3d at 1124 (emphasis added). The New Mexico Class in the present case is seeking redress under New Mexico statutory and common law, not the FLSA. The Pennsylvania collective action does not include these New Mexico claims, so it is unclear where else—if anywhere—the New Mexico Class could vindicate its rights under New Mexico law. It is true that, as Wexford argues, "much of the proof adduced" in the New Mexico action will likely "be identical to [proof] already presented in the Pennsylvania Collective Action." Doc. 9 at 17. But the NMMWA protects the New Mexico Class in certain important respects that the FLSA does not, and to deprive New Mexico class members of the heightened protections of their state's law simply because Wexford employees from other states have begun to seek the FLSA's protections in Pennsylvania strikes the Court as unjust. This is particularly true when the other state claim at issue in this case, common

law unjust enrichment, has no analogue in the Pennsylvania litigation. The difference in the claims is significant enough, even if they rely on similar issues of fact, for the Court to decline to dismiss the present action under the first-to-file rule.

## CONCLUSION

For the foregoing reasons, the Court denies Wexford's Original MTD and Amended MTD. Docs. 4, 9.

It is so ordered.

_____
UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA