IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SANDRA SOLIS,

     Plaintiff,

v.                                         Civ. No. 22-878 MLG/GBW

WEXFORD HEALTH SOURCES, INC.,

     Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION CONCERNING PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

THIS MATTER comes before the Court on Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement. *Doc. 83.* On April 22, 2025, the Honorable Matthew L. Garcia preliminarily approved settlement of this class action lawsuit and referred the final fairness hearing to the undersigned. *Docs. 76, 79.* The undersigned held the final fairness hearing on September 24, 2024 (*doc. 84*) and now enters this Proposed Findings and Recommended Disposition ("PFRD") as to Plaintiff's Unopposed Motion to Final Approval of Class Settlement. *Doc. 83.* As discussed at the September 24 hearing, *see doc. 84*, the undersigned recommends that the Court GRANT the motion and make the following findings as to the class action settlement.

## I.    BACKGROUND

Defendant Wexford "provides health care in correctional facilities across the United States, including New Mexico." *Doc. 83* at 2. Wexford uses a Kronos system

provided by the Ultimate Kronos Group, Inc. ("UKG") to track its employees' time. *Id.* In 2021, UKG experienced a cyberattack on the Kronos system that made it inoperable. Wexford was consequently unable to access any timekeeping or data stored or entered in the Kronos system which impacted their ability to accurately pay employees from December 11, 2021, to January 14, 2022. *Id.*

Plaintiff filed this class action complaint on November 17, 2022, alleging that Wexford's failure to pay wages on time and in full violated the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the New Mexico Minimum Wage Act, § 50-4-19, *et seq.* ("NMMWA"). *Doc. 1* at 1. Defendant filed a Motion to Dismiss and Answer on December 14, 2022. *Docs. 4, 5*. Defendant sought dismissal arguing that Plaintiff's collective action claims were barred under the "first-to-file rule" and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Doc. 4* at 6, 10. Defendant filed an Amended Motion to Dismiss on December 21, 2022. *Doc. 9*. The Court denied the motions on September 28, 2023. *Doc. 37*.

During the lawsuit, the parties engaged in extensive motion practice and discovery. *Doc. 83* at 3. Based on the discovery conducted, the parties attended a settlement conference with the undersigned on July 11, 2024. *Doc. 61*. They were able to come to an agreement. *Id.* On October 25, 2024, Plaintiff filed an unopposed motion for preliminary approval of the class action settlement, *see doc. 67*, which the Court granted on April 22, 2025. *Doc. 76*. In accordance with Federal Rule of Civil Procedure 23, the

Court's order granting preliminary approval did the following: (1) preliminarily approved the Settlement Agreement, (2) preliminarily certified the class for the limited purpose of settlement, (3) found preliminarily and for the purposes of settlement only that the prerequisites for a class action under Rule 23(a) and b(3) were met, (4) approved the Notice of Settlement form (*doc. 67-1*) as well as the method of dissemination set forth therein, (5) set deadlines for objections, (6) ordered the Settlement Administrator to provide Notice to Class Members regarding the principal terms of the Settlement, and (7) ordered a fairness hearing to address final settlement approval. *Doc. 76.*

Plaintiff filed their final unopposed Motion to Approve Settlement of Class Action on September 10, 2025. *Doc. 83.* The parties attended a fairness hearing on September 24, 2025. *Doc. 84.* At the fairness hearing, the Court noted that it had received no objections to the settlement nor requests to appear and be heard at the hearing. Plaintiff's counsel explained that none of the class members objected to the terms of the settlement or opted out of the settlement after notice was issued. *Id*. Additionally, Plaintiff's counsel informed the court that no envelopes containing notices had been returned, so they believe that all class members received notice of the settlement. *Id*. At the fairness hearing, the parties agreed to waive the 14-day objections period to the undersigned's written findings herein. *See id.*

3

Based on the analysis herein, the undersigned recommends that the Court grant final approval of the proposed settlement in full.  *Doc. 83*.

## II.    LEGAL STANDARDS

"Class actions on state law wage claims brought in federal court are governed by Rule 23 of the Federal Rules of Civil Procedure."  *Cisneros v. EP Wrap-It Insulation, LLC,* 2021 WL 2953117, at *2 (D.N.M. July 14, 2021).  "The authority to approve a settlement of a class…action is committed to the sound discretion of the trial court."  *Jones v. Nuclear Pharm., Inc.,* 741 F.2d 322, 324 (10th Cir. 1984).  In exercising its discretion, the trial court must hold a hearing and approve the settlement if it is fair, reasonable, and adequate, based on whether:

> (A) the class representatives and Class Counsel have adequately represented the class;
> (B) the proposal was negotiated at arm's length;
> (C) the relief provided for the class is adequate, taking into account:
>> (i) the costs, risks, and delay of trial and appeal;
>> (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class member claims;
>> (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
>> (iv) any agreement required to be identified under Rule 23(e)(3);
> and
> (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

The Tenth Circuit has noted four additional factors for courts to consider in evaluating whether a proposed settlement is fair, reasonable, and adequate. *In re Samsung Top-Load Washing Machine Mktg., Sales Practices & Prods. Liab. Litig.*, 997 F.3d 1077, 1087 (10th Cir. 2021) (*citing In re Motor Fuel Temperature Sales Pracs. Litig.*, 872 F.3d 1094, 1116-17 (10th Cir. 2017)). Under these factors, known as the "*Rutter* Factors," the Court considers:

> (1) whether the proposed settlement was fairly and honestly negotiated;
>
> (2) whether serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt;
>
> (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and
>
> (4) the judgment of the parties that the settlement is fair and reasonable.

*Id.* (quoting *Motor Fuel*, 872 F.3d at 1116-17); *see also Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1188 (10th Cir. 2002).

## III.    THE SETTLEMENT IS FAIR, REASONABLE, AND ADEQUATE

The undersigned recommends that the Court approve the settlement agreement in full as it is fair, reasonable, and adequate when considering the relevant factors.

### a.  Rule 23 Standards

#### i.  *Adequacy of Representation*

Adequacy of representation "focuses 'on the actual performance of counsel acting on behalf of the class.'" *Montgomery v. Continental Intermodal Group-Trucking,*

*LLC*, 2021 WL 1339305, at *4 (D.N.M. Apr. 9, 2021) (quoting Fed. R. Civ. P. 23 Advisory

Committee Notes (Dec. 1, 2018)).  Here, Class Counsel have significant experience

litigating class actions under both the Fair Labor Standards Act ("FLSA") and New

Mexico Minimum Wage Act ("NMMWA"). *Doc. 83* at 5.  Additionally, over the course

of three years of litigation, the parties engaged in meaningful discovery, enabling Class

Counsel to develop "a substantial appreciation for both the factual and legal issues at

stake." *Id* at 6.

      The settlement terms reflect the strength of this representation.  Wexford agreed

to compensate each Class Member with twice the amount of qualifying wages not

timely paid during the Kronos Outage, plus two months of interest; award an

additional $2,000 to Plaintiff Solis as Class Representative; and pay all attorneys' fees

and costs. *Id.* at 3-4.  These terms provide full relief to each Class Member.  Notably, no

Class Member objected to the settlement. *Doc. 84*.

      Considering Class Counsel's litigation efforts, favorable settlement outcome, and

the absence of any objections, the undersigned finds that Class Counsel provided

adequate representation.  This factor weighs in favor of approving the settlement. *See*

*Anderson Living Trust v. Energen Res. Corp.*, 2021 WL 3076910, at *3 (D.N.M. July 21,

2021) (finding adequacy satisfied where counsel engaged in extensive discovery,

obtained an excellent result for the class, and where there were no objections filed).

### ii.  *Arm's-length Negotiations*

The second factor considers "whether the settlement negotiations 'were conducted in a manner that would protect and further the class interests.'" *Montgomery*, 2021 WL 1339305, at *5 (quoting Advisory Committee Notes, Fed. R. Civ. P. 23). This inquiry focuses on whether the settlement was reached fairly, honestly, and without collusion. *Anderson*, 2021 WL 3076910, at *2-3; *Cisneros*, 2021 WL 2953117, at *6.

Here, the case has been actively litigated. *See docs. 4, 6, 9, 16, 19, 26,* and *37* (reflecting motions to dismiss filed by Wexford, Plaintiff's responses, hearing minutes, and court orders). Moreover, negotiations were conducted before the undersigned as a third-party mediator, which weighs heavily in favor of finding that the negotiations were fair. *See In re Samsung Top-load Washing Mach. Mktg., Sales Practices & Products Liab. Litig.,* 2020 WL 2616711, at *13 (W.D. Okla. May 22, 2020), *aff'd,* 997 F.3d 1077 (10th Cir. 2021). The settlement here was ultimately reached during a settlement conference held before the undersigned on July 11, 2024, which lasted for three hours and 45 minutes. *See doc. 61.* During the conference, the parties participated in sustained, arm's-length negotiations. The undersigned finds no evidence, nor does any class member or party offer any evidence, that would controvert the notion that the settlement was a product of fair negotiations. Accordingly, this factor supports approval of the settlement.

### iii.  *Adequacy of Relief*

The undersigned finds that the settlement agreement provides adequate relief to the Class. As noted above, Rule 23(e)(2)(C) sets forth four criteria for assessing a

settlement agreement's substantive adequacy: (1) "the costs, risks, and delay of trial and appeal;" (2) "the effectiveness of [the] proposed method of distributing relief to the class, including the method of processing class-member claims;" (3) "the terms of any proposed award of attorney's fees, including timing of payment;" and (4) "any agreement" made in connection with the proposal. Fed. R. Civ. P. 23(e)(2)(C). The undersigned will analyze each in turn.

### 1. <u>Costs, Risks, and Delay of Further Litigation</u>

The Court does not analyze the substantive adequacy of the relief a proposed settlement will provide to class members in isolation but rather weighs the adequacy of the relief against "the cost and risk involved in pursuing a litigated outcome." *Montgomery*, 2021 WL 1339305, at *5 (quoting Advisory Committee Notes, Fed. R. Civ. P. 23).

The proposed settlement provides class members with "all claimed damages under New Mexico law." *Doc. 83* at 7. This includes all "liquidated damages, interest, and fees and costs" that could have been claimed at trial. *Id.* Had the case proceeded with further litigation, class members could have not recovered anything. "Where both sides face significant uncertainty, the attendant risks favor settlement." *Montgomery*, 2021 WL 1339305, at *4 (citing *In re Crocs, Inc. Sec. Litig.*, 306 F.R.D. 672, 691 (D. Colo. 2014)). Considering the amount awarded to class members by the agreement, the value

of the settlement outweighs the possibility of future relief after further litigation.

Therefore, this factor weighs in favor of granting approval.

## 2. Method of Distribution

The second factor the Court analyzes when determining whether a proposed

settlement provides adequate relief to the class requires the Court to "scrutinize[] the

method of claims processing to ensure that it facilitates filing legitimate claims" and

consider "whether the claims process is unduly demanding." *Id*. at *6 (quoting Fed. R.

Civ. P. 23 (Advisory Committee Notes)). "[T]he claim process should be as simple,

straightforward, and nonburdensome as possible." *In re Samsung*, 2020 WL 2616711, at

*16.

The undersigned finds that the proposed method of distribution satisfies this

standard. Class members have been notified of the settlement and none have opted out.

*Doc. 84*. All class members will receive 100% of their settlement payouts via the United

States Postal Service (USPS). *Doc. 83* at 8. This method of distribution is commonly

used in wage and hour litigation and is effective in ensuring delivery. *Id*. Further, "[i]f

any checks are returned undeliverable, they will be forwarded to the forwarding

address provided by USPS or located by Class Counsel's efforts." *Id*.

Accordingly, because the distribution method is effective and not overly

burdensome, this factor weighs in favor of granting final approval.

## 3. Proposed Attorney's Fees and Costs

9

The "[e]xamination of the attorney-fee provisions may also be valuable in assessing the fairness of the proposed settlement." *Montgomery*, 2021 WL 1339305, at *7 (quoting Fed. R. Civ. P. 23 (Advisory Committee Notes)).  In this case, the parties settled on the underlying claims before agreeing to specifics about fees and expenses. *Doc. 83* at 12.  This is indicative of the fairness of the settlement on both liability and attorneys' fees. *See Lane v. Page*, 862 F. Supp. 2d 1182, 1258 (D.N.M. 2012) ("that the fees were negotiated after the Settlement reduces the risk of any improper bargaining, such as reducing the class award so that the attorney can be paid quickly").  Further, in this case, the proposed attorneys' fees and costs will not reduce the recovery to any class member because the fees and costs will be paid in addition to the class members' settlement funds. *Doc. 83* at 8.  As such, this factor weighs in favor of approval.

The parties agreed to an award of $43,000 to cover attorneys' fees and costs. *Doc. 67-1* at 10.[1]  The undersigned finds these provisions to be fair and reasonable.  In cases such as this one, the Tenth Circuit applies the *Johnson* factors in making fee award determinations. *Gottlieb v. Barry*, 43 F.3d 474, 482-83 (10th Cir. 1994) (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)).  The twelve *Johnson* factors are:

---

[1] The award to Class Counsel also includes a reimbursement of $1,567.17 for reasonable and necessary expenses incurred during prosecution. *Doc. 83* at 12.  Courts have found this appropriate. *See Montgomery*, 2021 WL 1339305, at *8.  This amount does not include the cost of self-administering the settlement, which Class Counsel will bear. *Doc. 83* at 13.

the time and labor required, the novelty and difficulty of the question presented by the case, the skill requisite to perform the legal service properly, the preclusion of other employment by the attorneys due to acceptance of the case, the customary fee, whether the fee is fixed or contingent, any time limitations imposed by the client or the circumstances, the amount involved and the results obtained, the experience, reputation and ability of the attorneys, the "undesirability" of the case, the nature and length of the professional relationship with the client, and awards in similar cases.

*Id*. at 482 n.4. "[R]arely are all of the *Johnson* factors applicable." *Uselton v. Commercial Lovelace Motor Freight, Inc.*, 9 F.3d 849, 854 (10th Cir. 1993) (citation and quotation omitted). The undersigned addresses the most salient *Johnson* factors below.

**Time and Labor Required**

Class Counsel has spent three years litigating this case and estimate that they have devoted at least 178 hours to this matter. *Doc. 83* at 9. The entire fee award of $43,000 is well below what Class Counsel could have sought by applying their standard hourly rates. *See id*. at 9-11 (stating that Class Counsel could have sought fees of at least $100,900 based on their normal hourly rates plus expenses). This points to the award of attorneys' fees being reasonable.

**Novelty and Difficulty of the Case / Skill Required / Attorney Skill and Reputation**

The Kronos Outage produced many claims against various employers and introduced unique and complex issues to wage and hour cases. *See doc 67-3* at 5; *doc. 83* at 11. Class Counsel has a great deal of experience with class action litigation in general

11

and Kronos Outage-related wage and hour actions in particular. *Doc. 67-2* at 4; *doc. 67-3* at 4-5. Considering the novelty of the case and the skill of Class Counsel, the undersigned finds that the negotiated award is reasonable.

### Preclusion of Other Employment

Because of the work to be done on this case, Class Counsel could not accept other potential cases. *Doc. 83* at 11. This reality weighs in favor of approving the stipulated award of attorneys' fees.

### Customary Fee / Whether Fixed or Contingent

Class Counsel handled this litigation on a contingent basis, meaning there was no guarantee of being paid. *See Acevedo v. Southwest Airlines Co.*, 2019 WL 6712298, at *5 (D.N.M. Dec. 10. 2019) (quoting *Been v. O.K. Indus., Inc.*, 2011 WL 4478766, at *9 (E.D. Okla. Aug. 16, 2011) ("Courts agree that a larger fee is appropriate in contingent matters where payment depends on the attorney's success.")). The amount to be paid in attorneys' fees covers the time Class Counsel expended on the case over the past three years. Furthermore, as stated above, the requested award of attorneys' fees is being paid *in addition to* the Class settlement. It does not negatively impact the class or any class members and is reasonable given the circumstances.

### Amount in Controversy and Results Obtained

Courts have found this factor to be the most important. *Lane*, 862 F. Supp. 2d at 1254 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983)). As discussed previously, the

proposed settlement provides class members with 100% recovery of all claimed damages. This amount will not be reduced by attorneys' fees and costs. *Doc. 83* at 9.

**Undesirability of the Case**

Because of the complex wage and hour issues involved here, many lawyers may consider this case to be undesirable, especially at a class wide scale. *Doc. 83* at 12. Class Counsel's willingness to take the case and their expertise in litigating it provided a substantial benefit to the class members.

Based on analysis of these *Johnson* factors, the undersigned finds that the award of attorneys' fees is fair and reasonable and does not pose a barrier to the adequacy of relief under the settlement agreement.

**4.   Any Agreement Required to be Identified Under Rule 23(e)(3)**

Rule 23(e) requires the parties to "file a statement identifying any agreement made in connection with the proposal." Fed. R. Civ. P. 23(e)(3). This factor requires scrutiny of any "side agreements" to settle the claims of objectors to the settlement agreement. *See In re Samsung*, 2020 WL 2616711, at *18. Here, no individuals have objected to the proposed class settlement, and the parties have represented that there are no other agreements pending between them. *Doc. 83* at 13. Where there are no "side agreements," this requirement is satisfied when the parties have filed the Settlement Agreement and plan for allocating the settlement proceeds with the Court,

13

*Anderson*, 2021 WL 3076910, at *5, which the parties have done here. Therefore, the undersigned finds that this factor weighs in favor of approval.

### iv. *Equitable Treatment Among Class Members*

The final factor "seeks to prevent the 'inequitable treatment of some class members vis-à-vis others.'" *Montgomery*, 2021 WL 1339305, at *8 (quoting Advisory Committee Notes, Fed. R. Civ. P. 23). In this case, the settlement will pay each Class Member "100% of their potential damages under New Mexico Law," by "utilizing each Class Member's individual pay data and alleged delayed payment during the Kronos Outage." *Doc. 83* at 13.

The only difference between class members is that the Settlement Agreement provides a $2,000 incentive payment to Plaintiff Solis. *Doc. 83* at 13. Solis, as the named plaintiff, worked closely with Class Counsel to "develop facts, review documents and data produced, direct case strategy, sit for a deposition, and remain engaged with settlement negotiations." *Id.* at 15. "Incentive awards are typical in class action cases," *Acevedo*, 2019 WL 6712298, at *4 (citing 4 William B. Rubenstein et al., Newberg on Class Actions § 11:38 (4th ed. 2008)). Courts have held that named plaintiffs, like Solis, are eligible for reasonable incentive payments. *See Cisneros*, 2021 WL 2953117, at *9. These payments are justified because they encourage coming forward and help to compensate a class representative for the risks they take and work they do on behalf of the class. *See*

14

*UFCW Local 880-Retail Food Emp'rs Joint Pension Fund v. Newmont Mining Corp.*, 352 F. App'x 232, 235-36 (10th Cir. 2009).

In other similar wage and hour cases, Courts have approved service awards far higher than the one presented to Solis. *Montgomery*, 2021 WL 139305, at *9 (D.N.M. Apr. 9, 2021) (citing *Jones v. I.Q. Data Int'l, Inc.*, 2015 WL 5704016, at *2 (D.N.M. Sept. 23, 2015) (approving a $20,000.00 service award)); *Key v. Butch's Rat Hole & Anchor Serv.*, 2022 WL 457915, at *4 (D.N.M. Feb. 15, 2022) (approving a $7,500 award); *see also doc. 83* at 14 (collecting cases).

The undersigned finds that the proposed incentive award is reasonable. The undersigned additionally finds that the class members are treated equitably under the Settlement Agreement as required by Fed. R. Civ. P. 23(e)(2).

**b.  *Rutter* Factors**

As stated previously, courts in the Tenth Circuit additionally consider the following four factors to determine whether a proposed settlement is fair, reasonable, and adequate:

(1) whether the proposed settlement was fairly and honestly negotiated;

(2) whether serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt;

(3) Whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and

(4) the judgment of the parties that the settlement is fair and reasonable.

15

*Rutter*, 314 F.3d at 1188 (citations omitted).  The fourth *Rutter* factor is the only factor

that does not directly overlap with Rule 23(e)(2) factors.  *In re Samsung*, 2020 WL

2616711, at *18.  Therefore, the undersigned incorporates the preceding analysis of the

Rule 23 factors in concluding that the first three *Rutter* factors weigh in favor of

approval of the settlement.  The undersigned will discuss the fourth *Rutter* factor below.

Under this factor, "the recommendation of a settlement by experienced plaintiffs

counsel is entitled to great weight."  *Wilkerson v. Martin Marietta Corp.*, 171 F.R.D. 273,

288-89 (D. Colo. 1997); *see also In re Thornburg Mortg., Inc.*, 912 F. Supp. 2d 1178, 1244

(D.N.M. 2012).  Here, the class counsel has confirmed that it finds the settlement fair

and reasonable.  *Doc. 83* at 16.  Class Counsel has substantial experience handling cases

and collective actions under the FLSA and NMMWA.  *Id.* at 5.  Based on Class Counsel's

experience and the lack of any objections to the proposed settlement, the undersigned is

persuaded by Class Counsel's judgment that the settlement is fair and reasonable and

finds that the fourth *Rutter* factor supports approval.  *See Montgomery*, 2021 WL 1339305,

at *10 (noting "not a single Class Member has objected to the Settlement" and finding

the fourth *Rutter* factor supported settlement approval); *Aragon v. Clear Water Prods.*

*LLC*, 2018 WL 6620724, at *3 (D. Colo., Dec. 18, 2018) ("Class members' apparently

positive response to the settlement is further evidence that it is fair, adequate, and

reasonable."); *doc. 83* at 16-17 (collecting cases).

IV.    **CONCLUSION**

16

For the foregoing reasons, the undersigned RECOMMENDS that the court

GRANT the Unopposed Motion to Approve Settlement of Class Action (*doc. 83*).


_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE